**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No: 5:22-CV-1835 |
| ) | |
| vs. ) | |
| ) | |
| SKYWAYS PETROLEUM, LLC, ) | |
| MUHAMMAD ARIF, and ) | |
| MUHAMMAD YOUNIS ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

**COMES NOW** the Plaintiff, Choice Hotels International, Inc., by and through its legal counsel,

and in support of its Complaint against Defendants Skyways Petroleum, LLC, Muhammad Arif,

and Muhammad Younis does hereby allege and aver:

**Nature of the Action**

1.  This is a civil action for Trademark Infringement arising under Lanham Act.

**Parties**

2.  The Plaintiff, Choice Hotels International, Inc., is a Delaware corporation, licensed to
    conduct business in the State of Ohio having a principal place of business at 1 Choice
    Hotels Circle, Suite 400, Rockville, Maryland 20850.

3.  Upon information and belief, Defendant Skyways Petroleum, LLC is a limited liability
    company organized under the laws of the State of Ohio that routinely conducts business in

this State and District by, *inter alia*, engaging in the provision of hotel services at 4423 State Route 43, Kent, OH 44240.

4. Upon information and belief, Defendant Muhammad Arif is a natural person, is the managing member of Defendant Skyways Petroleum, LLC, and routinely conducts business in this State and District by, *inter alia*, engaging in the provision of hotel services at 4423 State Route 43, Kent, OH 44240.

5. Upon information and belief, Defendant Muhammad Younis is a natural person, is member of Defendant Skyways Petroleum, LLC, and routinely conducts business in this State and District by, *inter alia*, engaging in the provision of hotel services at 4423 State Route 43, Kent, OH 44240.

## Jurisdiction and Venue

6. This Court has both diversity and federal question jurisdiction over this case.

7. This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00 and the parties are citizens of different States.

8. This Court has original federal question jurisdiction over the Lanham Act claims in this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338(a).

9. This Court has original jurisdiction in this case pursuant to 28 U.S.C. §1338(b) because this civil action asserts a claim of unfair competition joined with a substantial and related claim under the trademark laws.

10. This Court has supplemental jurisdiction over the state and common law claims in this action pursuant to 28 U.S.C. §1367(a) because those claims are so related to the Lanham

Act claims so as to form part of the same case or controversy under Article III of the United States Constitution.

11. Upon information and belief, each Defendant has sufficient contacts with this Commonwealth and District such that this Court's exercise of personal jurisdiction over them comports with traditional notions of fair play and substantial justice.

12. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## Choice Hotels and the COMFORT® Family of Marks

13. Choice Hotels International, Inc. (hereinafter, "Choice Hotels") is in the business of franchising hotels.

14. Choice Hotels can trace its roots to the 1930s when it was comprised of a small chain of roadside hotels.

15. Since that time, Choice Hotels has grown to become one of the largest and most successful lodging franchisors in the world.

16. Choice Hotels is now a publicly traded company with over 7,100 franchised hotels in nearly 40 countries and territories around the world.

17. Choice Hotels offers high value, mid-priced, hotel and motel services under such well-known brands as ASCEND HOTEL COLLECTION®. CAMBRIA®. COMFORT®, SLEEP®, QUALITY®, CLARION®, CLARION POINTE®, MAINSTAY SUITES®, WOODSPRING SUITES®, SUBURBAN EXTENDED STAY®, ECONO LODGE®, AND RODEWAY INN®.

18. Choice Hotels and/or its predecessor in interest has been offering lodging services under a family of COMFORT® marks since at least as early as 1981.

19. Many of the marks in the COMFORT® Family of Marks are the subject of Federal Registrations issued by The United States Patent and Trademark Office.

20. Choice Hotels is the owner of no fewer than 28 Federal Trademark Registrations for marks that contain or comprise the term COMFORT for use in connection with lodging and related services.  These registrations include:

| No | Mark | Registration No | Status |
|---|---|---|---|
| 1. |  | 5802508 | Active |
| 2. |  | 5802507 | Active |
| 3. |  | 5802506 | Active |

| No | Mark | Registration No | Status |
|---|---|---|---|
| 4. | Comfort | 5741435 | Active |
| 5. | Comfort | 5682185 | Active |
| 6. | COMFORT SUITES | 4279333 | Incontestable |
| 7. | Comfort HOTEL & SUITES | 3231180 | Incontestable |
| 8. | Comfort RESORT | 3231176 | Incontestable |

| No | Mark | Registration No | Status |
|---|---|---|---|
| 9. | COMFORT SUNSHINE | 3164021 | Incontestable |
| 10. | COMFORT INN & SUITES | 3050883 | Incontestable |
| 11. | COMFORT INN | 3050882 | Incontestable |
| 12. | COMFORT HOTEL | 3050881 | Incontestable |
| 13. | COMFORT HOTEL & SUITES | 3050880 | Incontestable |
| 14. | COMFORT RESORT | 3050877 | Incontestable |
| 15. |  | 3050868 | Incontestable |
| 16. |  | 3050867 | Incontestable |

| No | Mark | Registration No | Status |
|---|---|---|---|
| 17. |  | 3050866 | Incontestable |
| 18. |  | 3050860 | Incontestable |
| 19. |  | 3050364 | Incontestable |
| 20. |  | 3050363 | Incontestable |

| No | Mark | Registration No | Status |
|----|------|-----------------|--------|
| 21. |  | 3449308 | Incontestable |
| 22. |  | 2665525 | Incontestable |
| 23. | COMFORT INN & SUITES | 2264702 | Incontestable |
| 24. | COMFORT | 1788677 | Incontestable |
| 25. | COMFORT SUITES | 1712482 | Incontestable |
| 26. | COMFORT HOTEL | 1712481 | Incontestable |
| 27. | COMFORT INN | 1448467 | Incontestable |
| 28. | COMFORT INN | 1315180 | Incontestable |

Copies of the relevant certificates of registration are attached hereto as Exhibit 1.

21.  The majority of the COMFORT Registrations in the COMFORT® family of marks (Nos. 6-28 above) have achieved incontestable status pursuant to Section 15 of the Lanham Act, 15 U.S.C. §1065.

22. Since the inception of their use, the service marks described in paragraph 18 above (hereinafter, collectively, "the COMFORT® Family of Marks"), have been used by Choice Hotels, its predecessors, and franchisees only in connection with the provision of the highest value hotel and motel services.

23. Each registration identified in paragraph 20 above remains active, valid, and enforceable.

24. Choice Hotels has invested, and continues to invest, significant resources in the development, promotion, and protection of the COMFORT® Family of Marks.

25. As a result of its concerted branding efforts, the COMFORT® Family of Marks have become widely associated, in the minds of the consuming and general public, with the goods and services offered by Choice Hotels.

26. The marks in the COMFORT® Family of Marks are indicative to both the trade industry and consumers that items bearing, or services offered under, the COMFORT® marks originate from, or are sponsored or approved by, Choice Hotels, and constitute genuine and authentic Choice Hotels goods and services.

27. On or about August 28, 2018, Choice Hotels entered into a Franchise Agreement with Defendant Skyways Petroleum, LLC which permitted Skyways Petroleum, LLC to operate a COMFORT INN & SUITES® Franchise at 4423 State Route 43, Kent OH 44240 (hereinafter, the "Subject Property"). A true and correct copy of the Franchise Agreement is attached hereto as Exhibit 2.

28. On or about August 28, 2018, Defendant Muhammad Arif and Defendant Muhammad Younis, jointly and severally, entered into a Guaranty agreement with Choice Hotels whereby they each personally guaranteed the obligations imposed on Skyways Petroleum,

LLC under its Franchise Agreement. A true and correct copy of the Guaranty is attached hereto as Exhibit 3.

29. Thereafter, Skyways Petroleum, LLC, Muhammad Arif and Muhammad Younis (hereinafter, collectively, "Skyways") operated a COMFORT INN & SUITES® franchise at the Subject Property.

30. The Franchise Agreement specifically licensed the COMFORT® Family of Marks to Skyways for so long as the Franchise Agreement remained in effect.

31. Paragraph 11 of the Franchise Agreement states that upon termination, Skyways must immediately discontinue use of all trademarks belonging to Choice Hotels and that Skyways must refrain from using the Choice Hotels trademarks to identify the hotel at the Subject Property.

32. Prior to May 27, 2021, Skyways defaulted on its material obligations under Section 4 the Franchise Agreement by failing to make timely payment of its franchise and related fees as required by the Franchise Agreement and the Rules and Regulations.

33. On or about May 27, 2021, Choice Hotels issued a Notice of Default, via certified mail, to Skyways. A true and correct copy of the Notice of Default is attached hereto as Exhibit 4.

34. The Notice of Default advised Skyways of its breach of the Franchise Agreement and offered Skyways the opportunity to take curative action to avoid termination of the Franchise Agreement.

35. Skyways was given ten days to cure the default.

36. Skyways did not cure the default on or before the expiration of the ten-day deadline.

37. On or about December 30, 2021, Choice Hotels issued a Notice of Termination, via FedEx, to Skyways.  A true and correct copy of the Notice of Termination is attached hereto as Exhibit 5.

38. The Notice of Termination was issued, *inter alia*, as a result of Skyways' failure to cure the May 27, 2021 default.

39. The Notice of Termination instructed Skyways to immediately cease and desist use of any and all marks owned by Choice Hotels.  The Notice of Termination specifically instructed Skyways to remove any items that bear Choice Hotels marks including, but not limited to:

| | |
|---|---|
| Road/Highway Signs | Uniforms/Name Tags |
| Billboards | Ice Buckets |
| Exterior Property Signage | Guest Service Directory |
| Interior Property Signage | Sani-Bags |
| Entrance Signage | Travel Directories |
| Local Yellow Page Ad | Phone Plate, Info Caddy |
| Telephone Directory Listings | Folios |
| Airport Advertising | Brochures, Rack Cards, Flyers |
| Lobby Display/Backdrop | Guest Room Door Signage |
| Owner's Plaque | Do Not Disturb Cards |
| Rate/Hotel Law Cards | Wastebaskets |
| Stationery/Guest And Office | Sanitary Toilet Strips |
| Shower Curtains | Pad/Pencil/Pen |
| Soap/Amenity Package | Guest Comment Cards |
| In-Room Organizers | Voice Mail |
| Cups/Glasses | Domain Names |
| Van Signs | Social Media Sites |
| Wireless Network Name | E-Mail Signatures |
| Towels | Telephone Faceplates |
| Welcome Rug/Mat | |

40. The Notice of Termination further informed Skyways that continued use of the COMFORT® Family of Marks would constitute trademark infringement and would be dealt with accordingly.

41. The Notice of Termination further advised Skyways that, under the terms of the Franchise Agreement, Choice Hotels was entitled to $271,609.62 in past due franchise and related fees and $83,110.56 for the remaining term of the Franchise Agreement.

42. The Notice of Termination demanded that Skyways tender full payment of the $354,720.18 balance due and owning.  Choice Hotels further indicated that it would proceed with appropriate legal action if its demands were not met.

43. Upon information and belief, Skyways did not comply with the requirements set forth in the Notice of Termination.

44. Thereafter, Choice Hotels discovered that Skyways continued to use the COMFORT® Family of Marks in, around, and in publicity for, the hotel located at the Subject Property.

45. Specifically, on or about April 10, 2022, a Choice Hotels field representative conducted a site inspection of the Subject Property and discovered that the COMFORT® Family of Marks was still in use. True and correct photographs taken at the Subject Property on April 10, 2022 appear below:

 

46. Accordingly, on or about May 24, 2022, Choice Hotels issued a Notice of Service Mark Infringement to Skyways. A true and correct copy of the Notice of Service Mark Infringement is attached hereto as Exhibit 6.

47. The Notice of Service Mark Infringement specifically informed Skyways that its continued use of the COMFORT® Family of Marks in, around, and in publicity for, the hotel located at the Subject Property was likely to create consumer confusion in the marketplace and constituted trademark infringement.

48. The Notice of Service Mark Infringement demanded Skyways immediately cease all use of the COMFORT® Family of Marks and that Skyways take immediate action to correct its identity with third-party booking sites such as Tripadvisor.com, Expedia.com, and Booking.com.

49. The Notice of Service Mark infringement further demanded that Skyways provide written and photographic evidence, no later than June 3, 2022, that it had completely discontinued use of the COMFORT® Family of Marks at the Subject Property and that it had taken corrective action with respect to its identification on third-party booking sites. The Notice further advised Skyways that the June 3, 2022 deadline did not constitute permission to use the mark nor did it constitute a reprieve from incurring damages.

50. Skyways did not comply with the June 3, 2022 deadline.

51. Thereafter, Choice Hotels discovered that Skyways continued to use the COMFORT® Family of Marks in, around, and in publicity for, the hotel located at the Subject Property.

52. Specifically, on or about September 10, 2022, a Choice Hotels field representative conducted a site inspection of the Subject Property and took the following photographs showing the COMFORT® family of marks on display:



53. Upon information and belief, Skyways has used and is using the COMFORT® Family of Marks in connection with the provision of hotel and motel services at the Subject Property, without authorization, for approximately nine months following termination of its Franchise Agreement.

54. The continued use of the COMFORT® family of marks at the Subject Property is without the consent or approval of Choice Hotels.

55. The continued unauthorized use of the COMFORT® Family of Marks by Skyways has irreparably damaged, and will continue to irreparably damage, the valuable good will associated with the COMFORT® Family of Marks.

**CLAIM I**
**Infringement of Federally Registered Trademark**
**(15 U.S.C. §1114)**

56. Paragraphs 1- 55 are incorporated by reference herein as though set forth in their entirety.

57. Choice Hotels is the owner of a family of COMFORT marks which it uses in connection with the provision of hotel and motel services.  Included in that family of marks are at least the following United States Trademark Registrations: the '180 registration; the 467 registration; the '481 registration; the '482 registration; the '677 registration; the '702

registration; the '525 registration; the '308 registration; the '363 registration; the '364 registration; the '860 registration; the '866 registration; the '867 registration; the '868 registration; the '877 registration; the '880 registration; the '881 registration; the '882 registration; the '883 registration; the '021 registration; the '176 registration; the '1180 registration, the '333 registration; the '185 registration; the '435 registration; the '506 registration; the '507 registration; and the '508 registration.

58. Choice Hotels licensed the COMFORT® Family of Marks to Skyways as part of a Franchise Agreement.

59. Upon information and belief, after expiration of the Franchise Agreement and its license, and despite receiving multiple notices regarding said expiration, Skyways continued to use the COMFORT® Family of Marks, including one or more of the federally registered marks identified in paragraph 57 above, in connection with the provision of hotel and motel services at the Subject Property.

60. Upon information and belief, Skyways had actual knowledge of the COMFORT® Family of Marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly and deliberately used in commerce, in connection with the provision of hotel and motel services marks which are likely to cause confusion, mistake, or deception in violation of Section 32(a) of the Lanham Act, 15 U.S.C. §1114(1).

61. The acts of Skyways as described herein constitute infringement of one or more of Choice Hotels' federally registered trademarks.

62. As a direct and proximate cause of the infringing acts of Skyways, Choice Hotels has been damaged in an amount to be determined at trial.

63. Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of Skyways and the cost of the action under 15 U.S.C. §1117.

64. The acts of Skyways as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

65. The acts of Skyways as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the good will associated with the COMFORT® Family of Marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

## CLAIM II
### Federal Unfair Competition – False Designation of Origin
### (15 U.S.C. §1125(a))

66. Paragraphs 1- 65 are incorporated by reference herein as though set forth in their entirety.

67. Upon information and belief, Skyways had actual knowledge of the COMFORT® Family of Marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly and deliberately used in commerce, in connection with the provision of hotel and motel services marks which are likely to cause confusion, mistake, or deception in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

68. Upon information and belief, Skyways used one or more of the marks in the COMFORT® Family of Marks in commerce in connection with the provision of hotel and motel services.

69. Such use constitutes a false designation of origin, and/or a false or misleading description and/or representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Choice Hotels and Skyways, or as to the origin, sponsorship, or approval of the services or commercial activities of Skyways by Choice Hotels.

70. As a direct and proximate cause of the acts of Skyways as described herein, Choice Hotels has been damaged in an amount to be determined at trial.

71. Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of Skyways and the cost of the action under 15 U.S.C. §1117.

72. The acts of Skyways as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

73. The acts of Skyways as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the good will associated with the COMFORT® Family of Marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

### CLAIM III
### Violation of the Ohio Deceptive Trade Practices Act
### Ohio Rev. Code Ann. §4165.01-04 et seq.

74. Paragraphs 1-73 are incorporated by reference herein as though set forth in their entirety.

75. The COMFORT® Family of Marks owned by Choice Hotels are trademarks as defined by Ohio Rev. Code Ann. §4165.01.

76. Skyway's right to use the COMFORT® Family of Marks was terminated by Choice Hotels on December 30, 2021.

77. Upon information and belief, Skyways, with full knowledge that its rights have been terminated, continued to use the COMFORT® Family of Marks in connection with the provision of motel/hotel services at the Subject Property.

78. Skyways has been given formal written notice, on multiple occasions, that the continued, un-authorized and willful use of the COMFORT® Family of Marks was unlawful and would be dealt with accordingly.

79. Skyway's continued, unauthorized, and willful use of the COMFORT® Family of Marks violates the Ohio Deceptive Trade Practices Act in at least the following ways:

    a.  Such continued, unauthorized, and willful use of the COMFORT® Family of Marks constitutes the passing off goods or services as those of another; and

    b.  Such continued, unauthorized, and willful use of the COMFORT® Family of Marks has caused and will continue to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services; and

    c.  Such continued, unauthorized, and willful use of the COMFORT® Family of Marks has caused and will continue to cause confusion or misunderstanding as to the affiliation, connection, or association with, or certification by another; and

    d.  Such continued, unauthorized, and willful use of the COMFORT® Family of Marks constitutes a representation that motel/hotel services offered by Defendants have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that they do not have or that the Defendants themselves have sponsorship, approval, status, affiliation, or connection that they do not have; and

    e.  Such continued, unauthorized and willful use of the COMFORT® Family of Marks constitutes a representation that the motel/hotel services offered by Defendants are of a particular standard, quality, or grade, or that goods are of a particular style or model, when they are, in fact, of another.

80. The acts of Skyways as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the good will associated with the COMFORT® Family of Marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

81. Choice Hotels is entitled to judgment for injunctive relief, for the actual damages it has sustained, and for its reasonable attorneys' fees pursuant to Ohio Rev. Code Ann. §4165.03.

## COUNT V
## Trademark Infringement / Unfair Competition
## Ohio Common Law

82. Paragraphs 1-81 are incorporated by reference herein as though set forth in their entirety.

83. The activities of Skyways as described herein are unfair acts that have occurred in commerce and have damaged the legitimate business of Choice Hotels; therefore those activities constitute unfair competition pursuant to the common law of Ohio.

84. Skyways has used marks in commerce in connection with the provision of hotel and motel services which are likely to create consumer confusion in the marketplace; therefore those activities constitute trademark infringement under the common law of Ohio.

85. The conduct of Skyways as described herein has injured Choice Hotels in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Choice Hotels for which there is no adequate remedy at law.  Choice Hotels will continue to be so damaged in the absence of relief from this Court.

**WHEREFORE**, Choice Hotels prays:

A.  That each of the Named Defendants (e.g. Skyways Petroleum, LLC, Muhammad Arif, and Muhammad Younis), jointly and severally, their agents, servants, employees and attorneys and all those in active concert or participation with them, be permanently and forever enjoined from using any of the marks in the COMFORT® Family of Marks, including but not necessarily limited to, the marks appearing the '180 registration; the 467 registration; the '481

registration; the '482 registration; the '677 registration; the '702 registration; the '525 registration; the '308 registration; the '363 registration; the '364 registration; the '860 registration; the '866 registration; the '867 registration; the '868 registration; the '877 registration; the '880 registration; the '881 registration; the '882 registration; the '883 registration; the '021 registration; the '176 registration; the '1180 registration, the '333 registration; the '185 registration; the '435 registration; the '506 registration; the '507 registration; the '508 registration; or any mark confusingly similar thereto;

B.  That each of the Named Defendants (e.g. Skyways Petroleum, LLC, Muhammad Arif, and Muhammad Younis), jointly and severally, be found liable for Federal Trademark Infringement and Federal Unfair Competition resulting from its use of one or more of the marks in the COMFORT® Family of Marks.

C.  That Choice Hotels be awarded judgment for damages against each of the Named Defendants (e.g. Skyways Petroleum, LLC, Muhammad Arif, and Muhammad Younis), jointly and severally, resulting from violation of Sections 32(a) of the Lanham Act (15 U.S.C. §1114) and 43(a) of the Lanham Act (15 U.S.C. §1125(a)) for Federal Trademark Infringement and Federal Unfair Competition, respectively, in an amount to be fixed by the Court which in its discretion it finds just, including:

    1) all profits received by each Named Defendant from sales and revenues of any kind as a result of the actions complained of herein; and

    2) all damages sustained by Choice Hotels as a result of each Named Defendants' acts of infringement and unfair competition, and that such damages be trebled; and

3) that, in light of the deliberate and willful actions of each Named Defendant this action be designated an exceptional case, thereby entitling Choice Hotels to an award of all reasonable attorneys' fees, costs, and disbursements incurred by Choice Hotels as a result of this action, pursuant to 15 U.S.C. § 1117, and that Choice Hotels be awarded such relief;

D. That Choice Hotels be awarded judgment for injunctive relief, actual damages, in an amount to be determined at trial, and reasonable attorneys' fees against each of the Named Defendants (*e.g.* Skyways Petroleum, LLC, Muhammad Arif, and Muhammad Younis), jointly and severally, resulting from their violation of the Ohio Deceptive Trade Practices Act Ohio Rev. Code Ann. §4165.01-04 et seq.;

E.  That Choice Hotels be awarded judgment for damages, in an amount to be determined at trial, against each of the Named Defendants (*e.g.* Skyways Petroleum, LLC, Muhammad Arif, and Muhammad Younis), jointly and severally, resulting from their common law trademark infringement and common law unfair competition;

F.  That Choice Hotels be awarded the costs and attorneys' fees it incurs in this action; and

G.  That this Court award any and all relief not here enumerated that this Court should deem just and equitable.

Respectfully Submitted,

This the 12th day of October, 2022

**ROURKE & BLUMENTHAL, LLC**

s/Robert P. Miller
Robert P. Miller (0073037)
ROURKE & BLUMENTHAL, LLC
495 South High Street, Suite 450
Columbus, OH 43215
Tel.: (614) 220-9200
Fax: (614) 220-7900
Email: rmiller@randbllp.com

Matthew J. Ladenheim
(*Pro Hac Vice Application forthcoming*)
N.C. Bar No.: 29309
FL Bar No.: 1015895
TREGO, HINES & LADENHEIM, PLLC
10224 Hickorywood Hill Ave, Suite 202
Huntersville, NC 28078
Tel: (704) 599-8911
Fax: (704) 464-1084
Email: mjl@thlip.com